UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 15-cr-108-pp

DEVON THOMAS,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S REQUEST FOR JUDICIAL RECOMMENDATION FOR TWELVE MONTHS RESIDENTIAL REENTRY/COMMUNITY CONFINEMENT (DKT. NO. 580)**

---

On September 26, 2017, the court sentenced the defendant to serve seventy-two months in custody.[1] Dkt. No. 476. He currently is incarcerated at FCI Sandstone with a release date of October 18, 2021. https://www.bop.gov/inmateloc/. He explains in his recent motion that his case manager has told him that she is recommending he be released to residential reentry six months before the expiration of his sentence. Dkt. No. 580 at 2. The defendant asks the court to recommend that he be released to residential reentry or community confinement twelve months before expiration of his sentence. Id.

The plaintiff explains that he is asking for the six additional months to adjust and prepare for reentry into society. Id. He notes that he self-

---

[1] The defendant had an offense level of 27 in criminal history category III, which resulted in an advisory sentencing guideline range of 87 to 108 months. Dkt. No. 477 at 1. The court imposed a sentence fifteen months lower than the low end of that range.

1

surrendered to serve his sentence. Id. He plans to enroll in school to obtain his commercial driver's license, to get a job and to improve his relationship with his children. Id. The defendant explains that his daughter Christina's mother died while the defendant has been incarcerated and the state is moving toward adoption. He is concerned that he cannot meet the conditions of a "permanency plan" if he's in prison. Id. He says that he has been classified as having a low risk of recidivism and had been submitted for transfer to a minimum security prison camp. Id.

The defendant also explains that he has been making good use of his time while in custody. He has taken over twenty-two courses ranging from job skills to parenting to drug education to real estate and investing. Id. at 3. He was a nursing attendant when he was at FMC Rochester, and worked in food service and landscaping. Id. At FCI Gilmer, he worked as an orderly at the chapel. Id.

The defendant cites 18 U.S.C. §3624(c)(1) in support of his request. Id. That statute says that the Director of the Bureau of Prisons shall, "to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." In United States v. Rehwinkel, Case No. 12-cr-217, 2018 WL 2389711 (E.D. Wis. May 24, 2018), Judge Lynn Adelman considered a similar request under the same statute. He

2

noted that when the BOP decides whether and when to place someone under §3623(c)(1), it considers several statutes and regulations,

> including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B); see also 18 U.S.C. § 3624(c)(6) (directing the BOP to issue regulations ensuring that placement in a community correctional facility is conducted in a manner consistent with § 3621(b)); 28 C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time frames set forth in this part.").

Id. at *1.

Judge Adelman then considered whether a court has the authority—the jurisdiction—to make a recommendation to the Bureau of Prisons post-sentencing. Generally, a court may not modify a term of imprisonment once it has been imposed. 18 U.S.C. §3582(c). Judge Adelman explained that some courts issued post-sentencing recommendations without acknowledging this issue, that other courts conceded that they could not modify the sentence but issued a stand-alone recommendation and that still others had concluded that they lacked the jurisdiction to make a post-sentencing recommendation. Rehwinkel, 2018 WL 2389711 at *1-2. Judge Adelman found that most courts had concluded that although a court cannot modify the original judgment, or *order* the BOP to grant pre-release time, it may issue a *non-binding* recommendation that is "advisory only."[2] Id. at *3.

---

[2] Judge Adelman declined to make such a recommendation, because he was not the original sentencing judge, the defendant had been sentenced many

3

The court believes (as did Judge Adelman) that the BOP is in the best position to decide when to transition someone to pre-release community confinement. It appears to the court that the defendant has made good use of his time in custody. And the court understands the defendant's concerns for his daughter.

The court **GRANTS** the defendant's motion for a judicial recommendation. Dkt. No. 580. The court recommends, in an advisory capacity only, that the Bureau of Prisons consider transferring the defendant to pre-release community confinement twelve months prior to his release date.

Dated in Milwaukee, Wisconsin this 2nd day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

years prior and he found that the BOP was "better positioned" than he was to decide where to place the defendant. Rehwinkel, 2018 WL 2389711 at *3.